1  Stephen B. Morris (SBN 126192)
   **MORRIS and ASSOCIATES**
2  444 West C Street, Suite 300
   San Diego, California  92101
3  Telephone: (619) 239-1300
   Fax:          (619) 234-3672
4

5  Attorneys for Plaintiff

6

7

8                **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  _____   )   CASE NO. 09 CV 1249 BEN CAB
                                          )
12  ANVAR ALFI for himself and All        )   **MEMORANDUM OF POINTS**
    Others Similarly Situated,            )   **AND AUTHORITIES IN**
13                                        )   **OPPOSITION TO MOTION TO**
                            Plaintiff,    )   **DISMISS AND STRIKE CLASS**
14                                        )   **ACTION ALLEGATIONS OF**
    vs.                                   )   **FIRST AMENDED COMPLAINT**
15                                        )
    NORDSTROM, INC.                       )   **Date:        May 17, 2010**
16                                        )   **Time:        10:30 a.m.**
                            Defendant.    )   **Judge:       Roger T. Benitez**
17  _____   )   **Courtroom: 3**

18

19

20

21

22

23

24

25

26

27

28

---

# **TABLE OF CONTENTS**

Page

I.    Defendant's Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

      A.    Summary.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

      B.    This Court is competent to resolve Plaintiff's claims. . . . . . . . . . . . .  3

      C.    An actual and justiciable controversy exists. . . . . . . . . . . . . . . . . . . .  3

      D.    The Court is not requested to determine that a Nordstrom Note is a

            "Gift Certificate". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

      E.    Plaintiff's Unjust Enrichment theory of liability applies equally well

            wherever Nordstrom does business. . . . . . . . . . . . . . . . . . . . . . . . . . .  6

      F.    Federal Courts recognize a claim for Unjust Enrichment. . . . . . . . . . .  7

      G.    Plaintiff has pled, or can plead, commonality, typicality, adequacy of

            representation and numerosity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

            1.    Common issues of fact and law predominate over individualized

                  questions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

            2.    Plaintiff is typical.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

            3.    Class Counsel is experienced. . . . . . . . . . . . . . . . . . . . . . . . . .  10

            4.    Numerosity is not disputed. . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

III.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

1

# <u>TABLE OF AUTHORITIES</u>

2

Page

3

<u>Cases:</u>

4

*Aetna Life Ins. Co. v Haworth,*
300 U.S. 227 (1937). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

5

*Barrer v Chase Bank USA, NA,*
6   051909 FED9, 07-35414 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

7   *Brazil v Dell, Inc.,*
585 F.Supp.2d 1158 (N.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

8

*Am. Gen. Fin. Inc. v Basset,*
9   285 F.3d 882 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5

10   *Huth v Hartford Ins. Co.,*
298 F.3d 800 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

11

*Chalk v T-Mobile USA, Inc.,*
12   560 F.3d 1087 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

13   *FTC v Stefanchik,*
559 F.3d 924 (9$^{th}$Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

14

*Hirsch v Bank of America, et al.,*
15   107 Cal.App.4th 708 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

16   *Lectrodryer v Seoul Bank,*
77 Cal.App. 4th 723 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

17

*Melchior v New Line Prods., Inc.,*
18   106 Cal.App. 4th 779 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

19   *Lorenzo v Qualcomm Inc.,*
603 F.Supp.2d 1291 (S.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

20

*Zinser v Acculfix Research Inst., Inc.,*
21   253 F.3d 1180 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

22   *Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

23

*Ramkissoon v AOL, LLC,*
24   552 F.3d 1077 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

25   *Ulloa v Nordstrom,*
Case No. 37-2007-00068014-CU-BT-CTL, San Diego Superior Court. . . .  5, 6, 10

26

*Alperin v Vatican Bank,*
27   410 F.3d 532 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

28

*In re Bridgestone/ Firestone, Inc.,*
288 F.3d 1012 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Lerwill v Inflight Motion Pictures, Inc.,*
582 F.2d 507 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10


Statutes and Rules:

15 U.S.C. §1601, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

UCC §1-201 (b)(10). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

California Civil Code §1749.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

28 U.S.C. §2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Fed. R.Civ. P 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

## I.   DEFENDANT'S MOTIONS.

Nordstrom, Inc. ("Nordstrom") makes four primary arguments in support of its motion to dismiss: (1) This Court lacks subject matter jurisdiction; (2) Plaintiff's unjust enrichment claim fails under California law; (3) Plaintiff has failed to adequately allege breach of contract; and (4) Plaintiff has failed to allege sufficiently the elements necessary to support class treatment.  Much of defendant's motion to dismiss is premised upon the incorrect assumption that Plaintiff seeks a determination that Nordstrom Notes are "Gift Certificates."  Additionally, Nordstrom moves to strike the class allegations.

## II.   ARGUMENT

### A.   Summary.

Plaintiff alleges a class action claim pursuant to the Class Action Fairness Act (CAFA) based upon Nordstrom's prior practice (until March 2008) of issuing misleading and deceptive instruments called "Nordstrom Notes" to its customers. Plaintiff alleges the Nordstrom Notes issued contained unreasonably small fine print disclosures as to the applicable expiration dates, which, coupled with the particular placement of the expiration date, made the disclosures inconspicuous and difficult to see.  Plaintiff alleges the class comprises millions of customers (FAC para. 18), alleges diversity between the class representative and Nordstrom and further alleges that Nordstrom Notes are typically issued in $20 increments (FAC para. 3), thereby satisfying for pleading purposes each of CAFA's elements.

In his FAC, Plaintiff does *not* allege that Nordstrom Notes are "Gift Certificates," though plaintiff does make reference to the Gift Certificate laws of various states, which are illustrative only.  Plaintiff does *not* seek adjudication as to whether Nordstrom Notes are Gift Certificates, thereby potentially impacting the laws of the various states; rather plaintiff seeks adjudication as to whether the particular, and identical instruments called "Nordstrom Notes" issued by Nordstrom

1   up until March 14, 2008 contained language on their face which was not

2   "conspicuous" and, as a consequence, detrimental to consumers.  For purposes of

3   analysis, plaintiff proposes that the definition of "conspicuous" used in the Uniform

4   Commercial Code be utilized.  It provides that a term is conspicuous when "it is so

5   written, displayed, or presented that a reasonable person against which it is to

6   operate ought to have noticed it." (See FAC, Fn 1).   Of course, another common

7   definition could also be used should the court not elect to use this proposed

8   definition.

9          As to plaintiff's claim for declaratory relief, Nordstrom argues that the

10  requested declaration is too broad, that there is no actual controversy, and that the

11  Court should leave to each state the task of addressing Nordstrom's past

12  transgressions, if any.  The instruments called "Nordstrom Notes" are, however

13  unique.  There is little likelihood that any legislation would ever directly address

14  "Nordstrom Notes," and, as Nordstrom argues, a Nordstrom Note might be a "Gift

15  Certificate" in one state and not in another.  This is why plaintiff does not allege

16  Nordstrom Notes are Gift Certificates.  Whatever they are, they are alleged to have

17  failed to adequately disclosed to customers applicable expiration dates. This presents

18  a crisp and clearly defined controversy, and one which may be easily adjudicated

19  based upon a common and unified framework of analysis.

20        Nordstrom claims that plaintiff has not adequately pled a breach of contract.

21  Plaintiff respectfully disagrees.  Plaintiff has alleged that Nordstrom issued to its

22  customers certain "Terms and Conditions," that these terms and conditions were

23  identical for every customer, and that an implied term was that "any and all

24  expiration dates on Nordstrom Notes be set forth in clear and conspicuous printing . .

25  ."  (FAC, Para. 30).   Plaintiff alleges that the expiration dates were not set forth

26  conspicuously (FAC Para. 31) and that damages resulted in excess of $5,000,000.

27  Id.  Plaintiff believes that this is sufficient to adequately plead a breach of contact.

28        Finally, as to the class allegations, plaintiff has pled numerosity, a common

form of Nordstrom Note, a common failure to set forth conspicuously the expiration dates, there is a common basis for relief – replacement of an unused and expired Nordstrom Note with a replacement one bearing a conspicuous expiration date - and a definition of the class which is ascertainable.  Nordstrom argues that individual questions would predominate.  Not so.  Every class member received the same kind of Nordstrom Note, with the same print size, and the same print location.  If it is correct that the language used by Nordstrom was unreasonably small using the "conspicuous" standard often used by Federal Courts, then the remedy is replacement of the Nordstrom Note, if not used.  One need never resort to individual issues as to why a given Nordstrom Note expired.  This is not the kind of case where the motivation of a class member is at issue. Too, the adequacy of the proposed class representative is not a matter ripe for determination on a motion to dismiss or a motion to strike.

### B.    This Court is competent to resolve Plaintiff's claims.

This Court is competent to determine whether the uniform  disclosure used by Nordstrom was adequate to put a reasonable consumer on notice of the applicable expiration dates.  This Court is not being asked to make any determination that is within the sole jurisdiction of any state.  Nor is it being asked to select the law of one state over any other. Nor is it asked to determine whether Nordstrom Notes are Gift Certificates.  Rather, the court is merely asked to determine, whether these unique instruments  provided "clear, conspicuous, prominent and legible" notice to a reasonable consumer of the applicable expiration dates.  No specific state law is impacted over any other.

### C.    An actual and justiciable controversy exists.

Nordstrom argues that plaintiff improperly invites the court to invade the province of each of the state's legislatures by seeking a declaration that Nordstrom's

prior practice was in some manner unlawful.  Too, Nordstrom asserts that plaintiff asks the court to resolve a "hypothetical."  These arguments fall into the classic "straw argument" category.  So long as the Court may order "specific relief through a decree of a conclusive character" plaintiff meets the "actual controversy" test.  See *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937).  Here, the requested decree is that the prior usage by Nordstrom of less than 10-point font for its expiration dates used on Nordstrom Notes, coupled with its subtle placement and faint lettering, failed to provide clear and conspicuous notice to an average reasonable consumer of the actual expiration dates.  Such a decree is both specific and conclusive.

In *Barrer v Chase Bank USA, NA*, 051909 FED9, 07-35414 (9th Cir. 2009) the Court was called upon to determine whether a credit card company violated the Truth in Lending Act, 15 U.S.C. section 1601 (the Act), *et seq* and Regulation Z promulgated thereunder, when it failed to disclose certain risk factors considered by it in adjusting a cardholders interest rate. The Court was called upon to determine whether the disclosures which were made were "clear and conspicuous," a term not defined by the Act or Regulation Z.  In so doing, the Court noted that the "same standard for clarity and conspicuousness also appears in other areas of commercial law, which matters because [w]hen a federal statute leaves terms undefined or otherwise has a 'gap,' we often borrow from state law in creating a federal common law rule." Id at 9. (Quoting from Am. *Gen. Fin. Inc. v. Basset*, 285F.3d 882, 884-85 (9th Cir. 2002)).  Continuing, the Court stated:

> Under the Uniform Commercial Code, a term is considered conspicuous when it is "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." UCC section 1-201(b)(10).  We borrowed from this definition in the context of the Bankruptcy Code, which also requires certain disclosures to be "clear and conspicuous" without defining the term,

1                        concluding that "conspicuousness ultimately turns on the

2                        likelihood that a reasonable person would actually see a term

3                        in an agreement." *Bassett*, 285 F.3d at 886.

4        Guided by these concepts the Court then found that "Clear and conspicuous

5 disclosures, therefore, are disclosures that a reasonable cardholder would notice and

6 understand." *Barrer supra* at 9. The Court then decided the issue of

7 conspicuousness as a matter of law, just as this Court may do.

8        There is nothing hypothetical about plaintiff's claims.  Prior to Nordstrom

9 switching all of its Nordstrom Notes to 10-point font in March 2008, all expiration

10 dates were in 8-point font and identically located on the front of the instruments.

11 Plaintiff alleges that the 8-point fine print and subtle location did not reasonably

12 impart notice to Nordstrom customers.  This is a present and justiciable controversy

13 and one which may be resolved as a matter of law, as in the recent *Barrer* case.

14

15     **D.**     **The Court is not requested to determine that a Nordstrom Note**

16            **is a "Gift Certificate."**

17        As referenced above, whether a Nordstrom Note is also a "Gift Certificate" is

18 not at issue.  This was a critical distinction and battle ground in the California *Ulloa*

19 class action matter as the plaintiff in that case brought the action under the California

20 Gift Certificate laws embodied in California Civil Code section 1749.5. In that case

21 Judge Styn determined that Nordstrom Notes were "Gift Certificates" and that they

22 fell afoul of California Civil Code section 1749.5's requirement that expiration dates

23 be in no less than 10-point font.  But here, the claim is not premised on an individual

24 Gift Certificate statute, or any Gift Certificate statute,  but rather is for declaratory

25 relief, unjust enrichment and breach of contract.

26        It is also important to consider that the Court is not requested to direct any

27 change in Nordstrom's conduct, which, as Nordstrom argues, may be best left to the

28 individual states.  Rather, this action concerns only past conduct.  Nor does this case

1  involve the interpretation of a state statute alleged to be unclear.  Nor does this case

2  require the court to interpret a State statute at all. In short, State issues are not

3  pertinent.  There is thus no reason to believe that this case could be more efficiently

4  resolved in the court of any state or all the states.  This is an appropriate forum where

5  efficiency will result from this court's discretionary acceptance of jurisdiction.

6  While it is correct to suggest that states have a strong interest in regulating ongoing

7  retail sales, there is dramatically less interest in regulating or addressing at all past

8  conduct.  This all favors asserting federal jurisdiction over plaintiff's claims.

9

10  **E.    Plaintiff's Unjust Enrichment theory of liability applies equally well**

11        **wherever Nordstrom does business.**

12        The reason why Nordstrom changed the font size on its Nordstrom Notes to 10-

13  point font throughout the United States in the midst of the *Ulloa* action is that in

14  doing so it became universally compliant with all state consumer protection statutes.

15  The plaintiff's theory of Unjust Enrichment does not step on the toes of any state

16  law, implicates no choice of law issues, nor conflicts of law issues and provides, if

17  proven, redress for those non-California customers who were not beneficiaries of the

18  *Ulloa* class action settlement.

19        Furthermore, the Court should exercise discretionary jurisdiction over

20  plaintiff's Declaratory Relief Claim because (1) there is a substantial economy of

21  effort in resolving on a nation-wide basis the same issue of law (adequacy of notice);

22  and (2) There is no entanglement concern between federal law and the various state

23  laws.  See 28 U.S.C. section 2201; *Huth v Hartford Ins. Co.,* 298 F. 3d 800, 803-804

24  (9th Cir. 2002).

25        It would be unwieldy indeed to prosecute multiple individual state law claims

26  all arising from Nordstrom's use of the identical fine print disclosures.  Such claims

27  would likely never be brought because the time and expense involved would be too

28  great.  Thus the practical reality is that if this Court does not exercise its

discretionary jurisdiction over plaintiff's Declaratory Relief Action, and if the Court dismisses plaintiff's additional claims, millions of Nordstrom customers will simply never be compensated for their losses.

Contrary to the assertions made by Nordstrom, there are no substantial "entanglement" issues presented.  Nordstrom had a common national policy which has since been changed to comply with state laws.  Its prior practice of providing 8-point "fine print" notice of expiration dates may be readily adjudicated without entanglement of these state laws.

## F.   Federal Courts recognize a claim for Unjust Enrichment.

Plaintiff's common law unjust enrichment claim is well recognized in the Ninth Circuit.  See e. g. *Chalk v T-Mobile USA, Inc*., 560F.3d 1087 (9th Cir. 2009); *FTC v Stefanchik,* 559 F.3d 924 (9th Cir. 2009).  Plaintiff's claims are not based on California law and so while there is a split of authority as to whether an unjust enrichment claim is a separate cause of action under California law, that split in authority is not pertinent here. See e.g. *Hirsch v Bank of America, et al.,* 107 Cal.App.4th 708 (2003) ["For the unjust enrichment claim, there must be receipt of a benefit and unjust retention of the benefit at the expense of another." Citing *Lectrodryer v Seoul Bank,* 77 Cal. App.4th 723,726 (2000)].  But See,  *Melchior v New Line Prods., Inc*., 106 Cal. App. 4th 779, 794 (2003) ["there is no cause of action in California for unjust enrichment."]

Plaintiff has pled both that Nordstrom received a benefit at plaintiff's expense (FAC para. 27) and that it would be unjust for Nordstrom to retain that benefit (FAC para. 28).

Plaintiff has alleged that in exchange for shopping at Nordstrom and spending certain sums utilizing his Nordstrom account credit card, he earned points which in turn entitled him to receive one or more Nordstrom Notes.  There was an express agreement between plaintiff and Nordstrom entitling plaintiff to receive earned

Nordstrom Notes.  Implicit in that agreement was the agreement that any applicable expiration dates would be reasonably set forth in lettering sufficiently large that the average person could be expected to observe them.  Plaintiff claims this didn't happen.  He thus spent more money at Nordstrom's after the expiration of his Nordstrom Note(s) than he would have spent had he been able to use his non-expired Nordstrom Notes.   This quasi-contractual agreement, supports plaintiff's unjust enrichment claim.  See e.g. *Lorenzo v Qualcomm Inc*., 603 F.Supp.2d 1291 (S.D.Cal. 2009) [Quasi-contractual claim supports unjust enrichment claim].  Specifically, Nordstrom received the benefit of the plaintiff shopping at its store and utilizing his Nordstrom credit card (which generates interest for Nordstrom), enjoyed the benefits of advertising a Nordstrom Fashion Rewards Program by generating additional sales, but shorted plaintiff on his benefits under the deal by issuing deceptive Nordstrom Notes with inconspicuous expiration dates.  Nordstrom benefitted unjustly from this arrangement.  Unjust enrichment is adequately pled.

## G.  Plaintiff has pled, or can plead, commonality, typicality, adequacy of representation and numerosity.

A class may be certified where the plaintiff establishes commonality, typicality, adequacy of representation and numerosity.  Fed. R.Civ. P 23(a); See also *Zinser v Acculfix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir.2001).  Where the proposed class is sufficiently cohesive to warrant adjudication by representation, a class should be certified.  See *Amchem Prods., Inc. v Windsor*, 521 U.S. 591, 623-24 (1977).  Plaintiff believes he has adequately pled the elements necessary to plead a class action lawsuit.  The class definition is "precise, objective and presently ascertainable."  See *Brazil v Dell Inc*., 585 F. Supp.2d 1158, 1167 (N.D. Cal. 2008).  To the extent the Court may differ, plaintiff asks that he be afforded the opportunity to amend his Complaint to address whatever concerns the Court may have.

1            **1.**      <u>**Common issues of fact and law predominate over**</u>

2                            <u>**individualized questions.**</u>

3        The gravamen of this action is whether the location and type size used by

4  Nordstrom to set forth its expiration dates were sufficient to put an ordinary

5  consumer on notice of the expiration dates.  This issue is common to all putative

6  class members.  The legal framework for analysis is common and brought under a

7  federal common law theory and a breach of contract theory and does not impact

8  choice of law or conflicts of law issues.

9        Plaintiff has pled a federal common law claim for Unjust Enrichment which

10  does not depend upon the interpretation of conflicting state laws.  Such cases are

11  frequently brought and successfully maintained. See e.g. *Ramkissoon v AOL, LLC ,*

12  552 F.3d 1077 (9th Cir.2009); *Alperin v Vatican Bank,* 410 F.3d 532 (9th Cir. 2005).

13  This is not a case where different legal rules would apply to different class members.

14  Differences in state laws which are insurmountable certainly can preclude

15  nationwide class action treatment (See *In re Bridgestone/Firestone, Inc*., 288 F.3d

16  1012, 1015 (7th Cir.2002). But this is not one of those cases. Although Nordstrom

17  raises the specter of conflicting state laws (Opposition at Page 7, lines 3-21), apart

18  from referring to a Washington statute (applicable not to Nordstrom Notes but rather

19  to inactivity charges on Gift Cards) Nordstrom fails to cite to any state law actually

20  in conflict with plaintiff's sought declaration.   Likewise, plaintiff's breach of

21  contract claim will have a standard contract analysis, and will not be in conflict with

22  any state law.  Nordstrom certainly does not point to any such conflicts.

23

24            **2.**      <u>**Plaintiff is typical.**</u>

25        Like the millions of other customers across the United States who received, but

26  failed to use, their Nordstrom Notes before they expired, plaintiff has been deprived

27  of savings at Nordstrom stores.  He is typical of the members of the proposed class

28  because he received the same form of Nordstrom Note, containing the same size fine

---

print expiration date, in the same class period.  That plaintiff elected to opt out of the *Ulloa* matter to pursue this matter and thereby champion the interests of those Nordstrom customers in states other than California makes him no less typical than a person from New Jersey or Washington.  Indeed, as Nordstrom points out, one of the requirements for the plaintiff is that "the named representatives must appear to prosecute the action vigorously through qualified counsel." [Citing *Lerwill v Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978)]. Here, instead of simply participating in an existing settlement, plaintiff has elected to champion the interests of others not benefitting from the *Ulloa* settlement.

Too, there is nothing to suggest that plaintiff has antagonistic or conflicting interests with the unnamed members of the class. His interests are perfectly aligned. In any event the assertion that plaintiff is not typical is better brought in opposition to a Motion for Class Certification than a Motion to Strike.  Plaintiff alleges he is typical and there is nothing on the face of the pleading to demonstrate otherwise.

### 3.    Class Counsel is experienced.

As set forth in the Complaint, Class Counsel is experienced not just with class action consumer protection litigation in general but specifically with litigation around Gift Cards and Nordstrom Notes.  Nordstrom does not contest this.

### 4.    Numerosity is not disputed.

There is no dispute that hundreds of thousands and perhaps millions of people would be putative class members in this action. Nordstrom does not dispute this.

1

### III.  CONCLUSION

2    For the foregoing reasons, Nordstrom's Motion to Dismiss and Motion to

3  Strike Class Action Allegations of the FAC should be denied.

4

5

6  Date: April 30, 2010                                    Morris and Associates

7

8                                             By:    /s/ Stephen B. Morris
                                                     Stephen B. Morris
9                                                    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28