# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANVAR ALFI for himself and All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NORDSTROM, INC.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09cv1249 BEN (CAB)<br><br>**ORDER GRANTING DEFENDANT NORDSTROM, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 16]** |

## **INTRODUCTION**

Before the Court is Defendant Nordstrom, Inc.'s ("Nordstrom") Motion to Dismiss Plaintiff Anvar Alfi's First Amended Class Action Complaint and to Strike the Class Allegations. (Doc. No. 16.) Plaintiff alleges three causes of action on behalf of himself and a class of Nordstrom customers: (1) declaratory relief; (2) unjust enrichment, and (3) breach of contract. (FAC ¶ 9.) Defendant moves to dismiss the declaratory relief cause of action for lack of subject matter jurisdiction and the unjust enrichment and breach of contract causes of action for failure to state a claim pursuant to Rule 12(b)(6). In the alternative, Defendant moves to strike the class allegations. Pursuant to Local Rule 7.1(d)(1), this motion is appropriate for decision without oral argument. For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND**

On June 9, 2009, Plaintiff filed his initial Complaint. (Doc. 1.) In the Complaint, Plaintiff, on behalf of himself and an alleged nationwide class of Nordstrom customers, asserted two causes of action: (1) declaratory judgment; and (2) unjust enrichment. Plaintiff claimed that Defendant issued "Nordstrom Notes" ("Notes") to customers throughout the United States. (Compl. ¶ 3.) The Notes are earned by spending certain amounts of money at Nordstrom and may be redeemed at any Nordstrom store. (*Id.*) Plaintiff alleged that the Notes should be deemed "gift certificates" under California law and throughout the remaining states. (*Id.* at ¶¶ 3, 4, 6.) More specifically, Plaintiff alleged that Notes issued between October 1, 2005 and March 14, 2008, contained an expiration date in eight-point font, in violation of California Civil Code § 1749.5. (Compl. ¶¶ 5-7.) On July 15, 2009, Defendant filed a motion to dismiss and strike the original complaint arguing, *inter alia*, that this Court lacked subject matter jurisdiction over Plaintiff's claims. (Doc. No. 7.) On March 11, 2010, the Court granted Defendant's motion to dismiss finding that Plaintiff failed to establish subject matter jurisdiction based on diversity of citizenship or federal question. (Order Granting Mot. to Dismiss at 3:9-10, 5:13-15.)

On March 16, 2010, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 13.) Plaintiff's FAC attacks Nordstrom's loyalty rewards program referred to as the Nordstrom Fashion Rewards Program ("Rewards Program"). (FAC ¶ 3.) The Rewards Program rewards customers who shop at Nordstrom using a Nordstrom credit card with a Note. (*Id.*) The Notes have a dollar value on their face. (*Id.* at Ex. A.) Plaintiff alleges that he and other Nordstrom customers incurred specific financial expenses in order to "earn" Notes. (FAC ¶ 4.) Plaintiff alleges many states require expiration dates on gift certificates to be in a minimum of 10-point font so as to adequately put consumers on notice of the expiration date. (FAC ¶ 5.) Plaintiff further alleges that Notes issued with expiration dates in less than 10-point font are unreasonable and an unfair burden upon Nordstrom customers in violation of its agreements with Nordstrom customers. (FAC ¶ 7.) Plaintiff alleges that because he opted out of a prior settlement of "a California class action alleging the same essential violations," he is in a unique position in comparison with all the remaining purported class members. (FAC ¶ 8.)

1  Plaintiff claims that there are common questions of law and fact concerning whether an
2  expiration date in eight-point font is "clear and conspicuous," whether Nordstrom was unjustly
3  enriched, and whether it breached its contract with customers. (FAC ¶ 13.) Plaintiff alleges the class
4  of persons to be benefitted by the class action are Nordstrom customers who received and were unable
5  to use their Notes with expiration dates in less than 10-point font with the exception of those
6  California customers who participated in the *Ulloa* settlement. (FAC ¶ 14.) Plaintiff alleges that
7  because of the potential number of prospective class members adversely affected by Notes with
8  inconspicuous expiration dates, a class action would be the appropriate approach to ensure a fair and
9  efficient adjudication of this matter. (FAC ¶ 15.)

10  Plaintiff's first claim for declaratory relief seeks an order from the Court declaring "that all
11  expiration dates which appeared on Notes in less than 10-point font failed to adequately apprise the
12  Nordstrom customer of the expiration date in a clear and conspicuous manner." (FAC ¶ 23.)
13  Plaintiff's second claim for relief for unjust enrichment alleges that Nordstrom's prior practices
14  unjustly enriched Nordstrom by the value of the Nordstrom's unused Notes. (FAC ¶ 25.) Plaintiff's
15  third claim for relief for breach of contract alleges that failure to provide notice of Notes expiration
16  dates in a clear and conspicuous manner constitutes a breach of contract with each potential class
17  member resulting in damages in excess of $5,000,000 to the class. (FAC ¶ 31.)

## **DISCUSSION**

19  Nordstrom's moves to dismiss: (1) Plaintiff's first claim for declaratory relief due to lack of
20  subject matter jurisdiction; (2) Plaintiff's second claim for "unjust enrichment" because it fails to state
21  a claim upon which relief may be granted; and (3) Plaintiff's third claim because he has failed to state
22  facts sufficient to allege the basic elements of breach of contract. (Mtn. to Dismiss FAC at 1.) Having
23  considered the parties' submissions and applicable law, the Court finds Plaintiff lacks standing under
24  Article III of the United States Constitution because he has not suffered an "injury in fact." *Lujan v.*
25  *Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (citations omitted). Thus, Defendant's motion
26  to dismiss the FAC is **GRANTED** without prejudice.

27  ///
28  ///

## I.     *Legal Standard*

### A)     Constitutional Standing

The standing inquiry serves to determine whether "a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy," *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972), and to ensure that legal questions will be resolved "in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). To ascertain whether the "case or controversy" requirement under Article III (U.S. Const. art. III, § 2, P1) is satisfied, courts consider three factors:

> (1) whether the plaintiff has suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical;'"
>
> (2) whether there is a casual connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace [able] to the challenged action of the defendant, and not... the result [of] the independent action of some third party not before the court;" and,
>
> (3) whether it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-561 (internal citations omitted); *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2752 (2010). The party invoking federal jurisdiction has the burden of establishing the various elements of standing. As "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." (*Id.* at 561.)

Under the Class Action Fairness Act of 2005 ("CAFA"), federal courts are now authorized to hear certain class actions involving claims that arise under state law.[1] CAFA extends "original jurisdiction" to any civil action when: (1) the size of the class involves 100 or more members; (2) the sum or value in controversy exceeds $5,000,000 (exclusive of interests and costs); and (3) any class member is diverse from any of the defendants. 28 U.S.C. 1332(d)(2) and (5)(B). To determine

---

[1] A class action is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statutes or rule of judicial procedure authorizing an action to be brought by 1 or more representative person as a class action[.]" 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1711(2).

whether the required amount in controversy is met, the claims of individual class members are to be aggregated. 28 U.S.C. § 1332(d)(6).[2] However, the Court must first determine if the Plaintiff has alleged sufficient facts to confer standing to bring the suit. "In the class action context, Article III standing simply requires that the class representatives satisfy standing individually." *In re Verisign, Inc.*, 2005 U.S. Dist. Lexis 10439, 2005 WL 88969, *4 (N.D. Cal. 2005); *Stanford v. Home Depot U.S.A., Inc.*, No. 07cv2193 LAB (WMC), U.S. Dist. 2008 WL 7348181, at *7 (S.D. Cal. May 27, 2008) (dismissing putative class action under CAFA because class representative lacked Article III standing).

B) <u>Rule 12(b)(1)</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides an avenue by which a party may move to dismiss an action for lack of subject matter jurisdiction. When considering a motion to dismiss under Rule 12(b)(1), a court is not restricted to the face of the pleadings, but may review any evidence to resolve factual issues relevant to the jurisdictional determination. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Consideration of material outside the pleadings does not convert the motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). Once challenged, the burden of establishing the existence of subject matter jurisdiction rests on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

A motion under Rule 12(b)(1) is appropriate when the jurisdictional issue is separable from the merits of the case, i.e., jurisdiction and substantive facts are not intertwined. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Aire for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual

---

[2] A plaintiff satisfies this burden by claiming the requisite amount on the face of the complaint, unless it appears to a legal certainty that the plaintiff cannot actually recover the requisite amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). The "legal certainty" test applies: (1) to any complaint filed in state court alleging damages above the requisite amount; and (2) to "good faith" complaints filed in federal court alleging damages above the requisite amount. (*Id.*)

attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise involve federal jurisdiction... In such circumstances, a court may examine extrinsic evidence without converting the motion to one for summary judgment, and there is no presumption of the truthfulness of the [p]laintiff's allegations." *Id.*; *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.").

**II.**     *Analysis*

    A)     Injury In Fact

Nordstrom first asserts that Plaintiff's declaratory relief claim fails for lack of an actual controversy.[3] (Mtn. to Dismiss FAC at 5.) Plaintiff seeks the issuance of an order "declaring that all expiration dates which appeared on Nordstrom Notes in less than 10-point font failed to adequately apprise the average consumer of the pertinent expiration dates."[4] (FAC ¶ 23.) As a result, Plaintiff alleges that he has suffered pecuniary injury capable of monetary valuation.[5]

First, Plaintiff alleges that Nordstrom's customers earn notes by shopping at Nordstrom.[6] As such "[C]ustomers thus incur specific financial expense in order to earn Nordstrom Notes, pursuant to the agreement between Nordstrom and each customer." (*Id.* ¶ 3.) Second, Plaintiff alleges that when "Plaintiff shopped at Nordstrom after the expiration date of his Nordstrom Note he was required to incur, and did incur, an additional expense, which would not have occurred but for Nordstrom using

---

[3] To maintain a claim under the Declaratory Judgment Act, "a plaintiff must establish standing by showing 'that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgement.'" *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002); *see also Aydin Corp. v. Union of India*, 940 F.2d 527, 529 (9th Cir. 1991).

[4] Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." (emphasis added). Requests for declaratory judgment orders that merely impose the remedies provided for in other claims are duplicative and may be dismissed on that basis. *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (adopting the opinion of *Swartz v. KPMG LLP*, 401 F. Supp. 2d 1146, 1154-55 (W.D. Wash. 2004)).

[5] "[C]oncrete economic injury is sufficient to establish injury in fact for standing purposes." *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972).

[6] Customers earn 2 "Points" for every dollar spent at Nordstrom; 2,000 points earns a $20 Nordstrom Note, 4,000 points earns a $40 Nordstrom Note, etc. (FAC ¶ 3.)

less than 10-point font to identify the subject expiration date." (*Id.* ¶ 7.)

As to both allegations, the Defendant argues Plaintiff cannot make an individualized showing of actual injury, and his attempts to do so are based on factually inaccurate assertions such as "he paid money for a Nordstrom Note." (Mtn. to Dismiss FAC at 3.) Additionally, "Plaintiff does not explain any circumstances under which he was required to make a purchase at Nordstrom or where Nordstrom refused to accept the return of merchandise." (*Id.*) In essence, Nordstrom argues that Plaintiff did not suffer an actual injury, and that any economic injury he hypothesizes is purely speculative.

In an attempt to establish that he personally suffered an economic injury, Plaintiff alleges that the expiration dates were not set forth conspicuously, Nordstrom breached its contract with each class member resulting in damages in excess of $5,000,000. (FAC ¶ 31.) In an effort to further illustrate the disparity of the situation, Plaintiff asserts that "Nordstrom's realizes substantial increased profits as the result of its Fashion Rewards Program. When customers fail to redeem their Nordstrom Notes, Nordstrom generates even more in profits, in that the 'reward' for the induced additional shopping by a given customer is never paid." (*Id.* at 22.)

Nordstrom also contends that Plaintiff's assertions are inaccurate, misleading and "cannot establish an 'actual controversy' upon which this court could grant 'specific relief through a decree of a conclusive character.'" *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937). Nor has he made an actual, non-speculative showing of injury in fact required in order to have constitutional standing.

As noted above, a plaintiff's injury must be real and concrete, not conjectural or hypothetical. *Monsanto*, 130 S. Ct. at 2752; *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The Court finds that Plaintiff does not satisfy this standard and therefore lacks constitutional standing.

Plaintiff asserts that he and other members of the class "endured, for the class period, Nordstrom's unlawful, deceptive and/or misleading practice of including on its Nordstrom Notes unreasonably small print setting forth the applicable expiration dates, i.e. utilized 8-point font, in faint type and placed so as to minimize the likelihood that the expiration date would be noticed." (FAC ¶ 18.) As a result, he and other members of the class were unable to use the expired Notes for purchases requiring the Plaintiff to suffer financial loss in order to complete the sale.

However, Plaintiff fails to set out facts describing his injury. For example, he does not describe the face value of any Notes he holds. He does not say whether his Notes were worth one dollar or 100 dollars. He does not state whether he is able or unable to read the smaller font used for the expiration dates. He does not allege whether he looked for an expiration date on his Notes. He does not detail whether any expiration dates have passed. Plaintiff does not describe whether he attempted to redeem expired Notes, and if so, whether Nordstrom honored or rejected the expired Notes. If Notes were rejected, Plaintiff does not say whether the value lost was substantial or *de minimis*. At present, Plaintiff's argument is based on conjecture. Plaintiff neglects to state when he received his Notes, when they expired, or when he discovered they had expired. By failing to do so, this Court has no basis on which to determine whether Plaintiff has suffered a financial loss sufficient to constitute an injury in fact.

Although a lead plaintiff can assert claims on behalf of a class of plaintiffs similarly situated, he first must establish standing in his own right. *In re VeriSign*, 2005 U.S. Dist. LEXIS 10349, at *16-17. Thus, even if it were accepted as true that other members of the purported class suffered a financial loss, Plaintiff has not demonstrated that he (as an individual) has suffered an actual economic injury which would enable him to serve as a class representative.

Because Plaintiff has not described an actual, concrete injury, he lacks Article III standing. The two additional elements of the standing analysis need not be addressed, since all three must be satisfied in order to have constitutional standing. However, even if Plaintiff was able to establish an injury in fact and that his injury is "fairly traceable" to the challenged action in this case, he has not established that there is a substantial likelihood that the relief he requests will redress his injury.

### B.) Redressability

In order to having standing under Article III, a plaintiff must show that the injury in fact is able to be redressed by an order of the court. Plaintiff seeks an order "declaring that all expiration dates which appeared on Nordstrom Notes in less than 10-point font failed to adequately apprise the average consumer of the pertinent expiration dates, in that said expiration dates were not set forth in clear and conspicuous language." (FAC at 23.)

Here, if the Court were to grant the declaratory relief requested, it would result in numerous

entanglement issues between the individual states and federal government. Many states already have statutes and regulations on the books to deal with these types of issues.[7] Further, Nordstrom is no longer producing Notes with expiration dates in 8-point font. Therefore, the conduct the Plaintiff is seeking to redress with the declaration has ceased. Thus, Plaintiff lacks standing to pursue his declaratory relief claim not only because he has not described an actual injury, but also because he cannot show his alleged injuries are able to be redressed by this Court.

### III.     *Conclusion*

To satisfy the Article III standing requirements, a plaintiff must demonstrate that: (1) he or she has suffered an "'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) there is a causal connection between the injury and the conduct complained of – the injury is "fairly traceable" to the challenged action of Defendants, and not the result of the independent action of some third party not before the court; and (3) it is "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (citations omitted). For the reasons stated above, the Court finds that Plaintiff lacks constitutional standing sufficient to state a case or controversy within this Court's subject matter jurisdiction. Accordingly, the Court **GRANTS** Nordstrom's motion to dismiss Plaintiff's FAC.

### LEAVE TO AMEND

The Court grants Plaintiff leave to file a second amended complaint. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Blue Ridge Ins. Co. v. Stonewich*, 142 F.2d 1145, 1148 (9th Cir. 1998) (citing 28 U.S.C. § 1653). Plaintiff is cautioned that while leave is granted, a second amended complaint that fails to cure the deficiencies identified herein shall be dismissed without further leave to amend.

---

[7] "For example, several states specifically have legislated that a reward for which a customer does not pay, like the Note, is not a gift certificate. As described *infra*, in Arizona, a certificate or card issued pursuant to a rewards program for which no money is exchanged is **not** subject to the requirement that expiration dates on gift cards appear "clearly and conspicuously." Ariz. Rev. Stat. § 44-7402(A), (D) (2010); *see also* Mich. Comp. Laws § 445.903e(3)(h) (2010); 815 Ill. Comp. Stat. § 505/2SS(c) (2010); Minn. Stat. § 325G.53(3) (2010); Ark. Code Ann. § 4-88-702(5)(A) (2010); N.M. Stat. § 57-12-26(A)(1) (2010); N.D. Cent. Code § 51-29-02 (2010); Ohio Rev. Code Ann. § 1349.61(C)(1) (2010)." (Mtn. to Dismiss FAC at 7.)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Nordstrom's Motion to Dismiss. Plaintiff's FAC is **DISMISSED without prejudice.** Plaintiff may file a second amended complaint on or before **January 3, 2011**.

**IT IS SO ORDERED.**

DATED:  December 8, 2010

_____
**Hon. Roger T. Benitez**
**United States District Judge**